JOHN T. GORMAN
Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
JOSEPH ANTHONY MESA

FILED
DISTRICT COURT OF GUAM
NOV 25 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 05-00066 |
| | ) | |
| Plaintiff, | ) | DEFENDANT MESA'S REPLY TO |
| | ) | GOVERNMENT'S OPPOSITION TO |
| vs. | ) | DEFENDANT'S MOTION TO SUPPRESS |
| | ) | |
| JOSEPH ANTHONY MESA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the defendant, JOSEPH ANTHONY MESA, through counsel, John T. Gorman, Federal Public Defender, and respectfully submits this response to the government's opposition to the defendant's motion to suppress.

I. **Defendant did have a Reasonable Expectation of Privacy in the Hotel Room.**

In their opposition brief, the government argues that the defendant does not have "standing" to challenge the search of Guam Reef Hotel room 755. Proof that a defendant had standing was once a cornerstone of any Fourth Amendment challenge. The Supreme Court however, has emphasized that it has rejected the standing doctrine as a method of analyzing Fourth

Amendment violations. Minnesota v. Carter, 525 U.S. 83 (1998). "[I]n determining whether a defendant is able to show the violation of his ... Fourth Amendment rights, the 'definition of those rights is more properly placed within the purview of substantive Fourth Amendment law than within that of standing.'" Id. at 88 (quoting Rakas v. Illinois, 439 U.S. 128 (1978). Instead, to invoke the protections of the Fourth Amendment, a person must show he had a legitimate expectation of privacy in the place invaded. To establish a legitimate expectation of privacy, he must demonstrate a subjective expectation that his activities would be private, and he must show that his expectation was one society is prepared to recognize as reasonable. Rakas v. Illinois, 439 U.S. 128, 143-144 (1978). The defendant does have the burden of presenting sufficient evidence to meet his burden of proving he had a reasonable expectation of privacy in the hotel room. United States v. Singleton, 987 F.2d 1444, 1447 (9th Cir. 1995).

It is well settled that hotel guests have a reasonable expectation of privacy in their room. "No less than a tenant of a house, or the occupant of a room in a boarding house, a guest in a hotel room is entitled to constitutional protection against unreasonable searches and seizures." Stoner v. State of California, 376 U.S. 483 490 (1964), *see also* United States v. Cormier, 220 F.3d 1103 (9th Cir. 2000). Overnight visitors have a reasonable expectation of privacy in their temporary shelter because "staying overnight in another's house is a long-standing social custom that serves functions recognized as valuable by society... We are at our most vulnerable when we are asleep because we cannot monitor our own safety or the security of our belongings." Minnesota v. Olson, 495 U.S. 91, 98-99 (1990). A hotel guest can maintain an expectation of privacy in his hotel room after checkout time. United States v. Dorais, 241 F.3d 1124 (9th Cir. 2001). Even suspected fraud

2

does not even strip a hotel guest of his expectation of privacy. A hotel guest still maintains a reasonable expectation of privacy, despite reports that the room was rented with a stolen credit card, until the hotel management takes affirmative steps to end the tenancy. United States v. Bautista, 362 F.3d 584 (9th Cir. 2004). Mesa was a lawful occupant of the hotel room and had a reasonable expectation of privacy in that room and has the right to challenge the government's invasion.

Ninth Circuit caselaw recognizes an expectation of privacy in a variety of different residences and accomodations. Marijuana smugglers who merely stay overnight in trailer have an expectation of privacy. United States v. Gamez-Orduno, 235 F.3d 453, 458-461 (9th Cir. 2000). An occasional overnight visitor in another's residence has a reasonable expectation of privacy in a gym bag he left under the bed in a girlfriend's apartment. United States v. Davis, 332 F.3d 1163 1167 (9th Cir. 2003). This circuit has further recognized that a person in makeshift tent illegally camping on public land has a reasonable expectation of privacy. United States v. Sandoval, 200 F.3d 659 (9th Cir. 2000).

The government argues Mesa had no reasonable expectation of privacy as he was in the hotel for commercial purposes. This argument relies on the Supreme Court's decision in Carter which found the defendants had no expectation of privacy in another's apartment as they were essentially present for a business transaction and only in the home for a matter of hours. The Carter case is of little help to the government here due to important factual differences. According to the government's own exhibit A, the Search Warrant attached to their opposition memorandum, the anonymous informant told police that Mesa was "staying" at the hotel. The hotel security manager further added that the occupants of the room had "been staying at the hotel three (3) days". The

government's own pleadings show Mesa was a lawful occupant of the room with a reasonable expectation of privacy. The government's reliance on United States v. Grandstaff, 813 F.2d 1353 (9th Cir. 1987), is also misplaced. In Grandstaff, the co-defendant, Brown, had not shared Grandstaff's room, stayed there overnight or had any luggage there. Thus, the court found no factual basis for the inference that Brown had a legitimate expectation of privacy in the hotel room. Unlike the defendant in Grandstaff, Mesa was a lawful occupant, and had been staying at the hotel for 3 days. A third case cited by the government, United States v. Armenta, 69 F.3d 304 (9th Cir. 1995) also does nothing to bolster their argument due to key factual differences. Unlike Armenta, here there is an identifiable host, the hotel management, who could and did give Mesa permission to stay at the hotel. As noted in the government's Search Warrant exhibit, the hotel was aware of Mesa and the others' residency at the hotel and permitted it. Also, unlike the defendant in Armenta, there is evidence Mesa was staying at the hotel through the anonymous informant and the hotel security manager. The search warrant affidavit provides the necessary factual basis to show Mesa's legitimate and reasonable expectation of privacy.

There is another fundamental flaw in the government's claim that Mesa had no reasonable expectation of privacy in the hotel room. The government is arguing inconsistent positions. On one hand, the government claims Mesa's "mere presence" in the hotel room defeats his Fourth Amendment claim. On the other hand, the government alleges he owned or possessed the contraband and other seized items in the room. The government is not permitted to argue possession but deny expectation of privacy where the circumstances of the case make such positions necessarily inconsistent. United States v. Issacs, 708 F.2d 1365, (9th Cir. 1983).

4

The caselaw and facts and circumstances of this case show Mesa was a lawful occupant of the hotel room and had a reasonable expectation of privacy in that room and has the right to challenge the government's search and seizure.

## II. The Search Warrant for Room 755 was Invalid Due to Insufficient Probable Cause

The government claims that the search warrant for room 755 was supported by probable cause. Where an affidavit is the basis for a probable cause determination, that affidavit "must provide the magistrate with a substantial basis for determining the existence of probable cause." Illinois v. Gates, 462 U.S. 213 (1983). When based on hearsay information from a confidential informant or an anonymous tipster, a court must consider the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances for evaluating the impact of that information. Gates, 462 U.S. 238. Anonymous tips demand more stringent scrutiny of their veracity, reliability, and basis of knowledge than reports from confidential informants. United States v. Helton, 314 F. 3d 812 (9th Cir. 2003).

The anonymous tipster's information was that 4 people, Jess Espinosa, Joey Mesa, Shardae Love and Ginger Hamamoto, were staying at an unknown room at the Guam Reef Hotel in Tumon, Guam, and that they were manufacturing methamphetamine. The anonymous tipster also claimed that Love was a drug user.

This tip had little in the way of veracity, reliability or basis of knowledge. The tipster was anonymous and nothing is known of his/her background. There is nothing to support the tipster's veracity. Obviously, there is no track record for reliability due to the tipster's anonymity. The tip provides no underlying information as to why the tipster is credible or the information

5

reliable. Finally, there is nothing to show any basis for the tipster's knowledge. The tipster claims that Love is a drug user. However, the officers never verified that Love was a drug user. Thus, there is nothing to confirm that the tipster had a reliable basis for the claim regarding the methamphetamine lab. It is significant to note that the hotel room was registered to a name not mentioned by the tipster.

The officers efforts to corroborate the tip were insufficient to elevate the information to probable cause. The officers found Love in the lobby of the Reef Hotel. She was carrying a can of Coleman gasoline and water. Allegedly, she changed her story as to why she had these items. The hotel management said that the individuals had been staying at the hotel for three nights and had stayed in three different rooms. However none of this information by itself is criminal or incriminating. Also, none of this information taken altogether shows a methamphetamine lab in operation and cures the lack of probable cause based on the anonymous tipster. Corroboration of an anonymous tip by static, innocent details is insufficient to establish probable cause. United States v. Mendonsa, 989 F.2d 366 (9th Cir. 1993). The static, nonincriminating information gathered by the officers were not enough to transform the tipster's information into probable cause.

The government also asserts that if the Court finds the necessary probable cause is lacking the evidence should not be suppressed as the officer's reliance on the warrant was objectively reasonable. United States v. Leon, 468 U.S. 897 (1984). The Leon good faith exception is unavailable in cases like this where there is an obvious lack of probable cause. Boilerplate recitations regarding sex crimes "so lacked the requisite indicia for probable cause" that the products of the search were suppressed in United States v. Zimmerman, 277 F.3d 426, 436 (3rd Cir. 2002).

Similarly, officers did not reasonably rely on a warrant when the only evidence to support probable cause was a subscription to a website that offered child pornography, and further investigation could have yielded additional evidence. United States v. Gourde, 382 F.3d 1003 (9th Cir. 2004). Due to the obvious lack of probable cause for the warrant, the Leon good faith exception is not applicable here.

For all of the above reasons, Defendant requests this Court to suppress all physical evidence seized as the search warrant was unsupported by probable cause and/or the execution of the search warrant rendered the search and seizure unconstitutional.

DATED: Mongmong, Guam, November 25, 2005.

JOHN T. GORMAN
Attorney for Defendant
JOSEPH ANTHONY MESA

7

# CERTIFICATE OF SERVICE

I, JOHN T. GORMAN, hereby certify that a true and exact copy of the defendant's reply to the government's opposition to the motion to suppress evidence was duly hand-delivered to the following on November 25, 2005:

MARIVIC P. DAVID
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

PATRICK CIVILLE
Civille & Tang
330 Hernan Cortes Avenue Ste. 200
Hagatna, Guam 96910
Attorney for Ginger Perez Hamamoto

JOAQUIN C. ARRIOLA, JR.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
C&A Professional Building
Hagatna, Guam 96910
Attorney for Jeffrey Anthony Espinosa

RAWLEN MANTANONA
Cabot & Mantanona
Bank Pacific Building
825 S. Marine Drive
Tamuning, Guam 96913
Attorney for Shardae Roxanne U. Love

DATED: Mongmong, Guam, November 25, 2005.

JOHN T. GORMAN
Attorney for Defendant
JOSEPH ANTHONY MESA