LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM
MAR - 2 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JOSEPH ANTHONY MESA,<br><br>　　　　Defendant. | CRIMINAL CASE NO. 05-00066<br><br>**GOVERNMENT'S RESPONSE TO TO DEFENDANT MESA'S OBJECTIONS TO MAGISTRATE'S REPORT & RECOMMENDATION** |

The government does not object to the Magistrate Judge's Findings of Fact and Conclusions of Law set out in the Report and Recommendation filed February 13, 2006, which recommended the denial of Defendant Mesa's and co-defendant's (Jeffrey Anthony Espinosa and Ginger Perez Hamamoto) motions to suppress in its entirety.

In making its de novo determination, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In <u>United States v. Raddatz,</u> the Supreme Court held that it is not necessary that a district court hold a de novo hearing under section 636(b)(1) to resolve credibility issues when a suppression hearing has been referred to a magistrate. 447 U.S. 667, 673-76, (1980). The

ORIGINAL

Court indicated that "in providing for a 'de novo determination' rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate judge's proposed findings and recommendations. Id, 447 U.S. at 676.

   A. Probable Cause Finding

Defendant Mesa's objections to the Report - - alleging that the search warrant was unsupported by probable cause and its improper execution rendered it invalid - - are not supported by the record.

Defendant claims that the warrant was not supported by probable cause because the tipster's reliability was not sufficiently corroborated, and the other facts set out in the affidavit were consistent with innocent conduct. An affidavit in support of a search warrant demonstrates probable cause when, under the totality of the circumstances, "it reveals a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). In Gates, the Supreme Court upheld the validity of a search warrant for the home and car of two defendants based upon a partially corroborated anonymous tip. The Court held that "'[o]nly the probability, and not a prima facie showing of criminal activity is the standard of probable cause.'" Id, 462 U.S. at 235.

In evaluating whether probable exists, a magistrate may "draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." United States v. Bertrand, 926 F.2d 838, 842 (9th Cir. 1991). Also, "when interpreting seemingly innocent conduct, the court issuing the warrant is entitled to rely on the training and experience of police officers." United States v. Gil, 58 F.3d 1414, 1418 (9th Cir. 1995). The fact that some acts "if reviewed separately, might be consistent with innocence is immaterial," because the inquiry is based upon the totality of the circumstances. Id.

An anonymous tip also may be a basis for probable cause where significant details of the tip were corroborated. See e.g., United States v. Huggins, 299 F.3d 1039 (9th Cir. 2002)(even

2

though an affidavit contained no information about the reliability of the tipster, the tipster's information in combination with other evidence supported probable cause). Here, the probable cause arose from the anonymous tip in combination with all the evidence garnered by DEA Special Agent Cho in his efforts to corroborate the tipster's claim.

In any event, the agents executing the search warrant acted in good faith in relying on a facially valid warrant. Under United States v. Leon, 468 U.S. 897, 926 (1984), suppression is an inappropriate remedy, even for a defective warrant, if the agents acted in good faith and the warrant was facially valid. The "good faith" exception applies unless it is found that "no reasonably well-trained officer could have believed that there existed probable cause to search." United States v. Tate, 795 F.2d 1487, 1491 (9th Cir. 1986)(citation omitted); Ortiz v. Van Auken, 887 F.2d 1366, 1371 (9th Cir. 1989)(inadequate probable cause does not necessarily render warrant facially invalid nor prevent reasonable belief in the existence of probable cause). Here, the magistrate judge, having found probable cause, did not reach the good faith issue, but it is clear that the agents relied on the search warrant in good faith.

B. No Rule 41 Violation

Defendant also has claimed that the search violated Fed.R.Crim.P. 41 because he was not properly served with the search warrant and affidavit,[1] citing, among other things, United States v. Gantt, 194 F.3d 987 (9th Cir. 1999), and United States v. McGrew, 122 F.3d 847 (9th Cir. 1997). McGrew held only that the Fourth Amendment's particularity requirement was violated because the search warrant did not specify items to be seized, and the accompanying affidavit was not attached to the search warrant. In Gantt, the Ninth Circuit interpreted Rule 41 to require "assurance and notice" to the property owner by providing a copy of the search warrant at the beginning of the search. 194 F.3d at 990. In Gantt the defendant was not given a complete copy of the warrant until she was arrested and taken to the FBI, hours after the search, even though she

---

[1] Defendant Mesa neither filed a declaration nor testified to the effect that he was not served with a copy of the search warrant, its attachments and affidavit.

3

had requested to see the warrant. Id., 194 F.3d at 1000. However, here, Agent Cho testified that he presented defendant with a copy of the search warrant and its two attachments, which described the place to be searched and the things to be seized.

The Gantt court also acknowledged that suppression would not be required unless the officers deliberately disregarded the rule or the defendant was prejudiced. Id., 194 F.3d at 994-95. "Prejudice in this context means the search would otherwise not have occurred or would have been less intrusive absent the error." United States v. Negrete-Gonzales, 966 F.2d 1277, 1283 (9th Cir. 1992). Here, the defendant has not argued that he was prejudiced because the search would have occurred for the agents did not exceed their authority. As well, the magistrate judge properly found that there was no deliberate or intentional violation of the rule since it was reasonable for Agent Cho to first dissipate the chemical odor and neutralize the air in the room prior to serving a copy of the warrant. Moreover, in Groh v. Ramirez, 540 U.S. 551, 124 S.Ct. 1284 (2004), the Supreme Court stated that "neither the Fourth Amendment nor Rule 41 of the Federal Rules of Criminal Procedure requires the executing officer to serve the warrant on the owner before commencing the search" under all circumstances. 124 S.Ct. at 1292 n.5

In this case, after an evidentiary hearing, the magistrate judge properly found, among other things, that the affidavit for the search warrant contained sufficient probable cause to believe evidence of a crime would be found in the hotel room, and that the service of the search warrant did not violate Rule 41.

RESPECTFULLY submitted this 2nd day of March 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

4