JOHN T. GORMAN
Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
JOSEPH ANTHONY MESA

FILED
DISTRICT COURT OF GUAM
MAR 24 2006
MARY L.M. MORAN
CLERK OF COURT

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR 05-00066 |
| Plaintiff, | ) MOTION FOR SEVERANCE |
| vs. | ) |
| JOSEPH ANTHONY MESA, | ) |
| Defendant. | ) |

## MOTION FOR SEVERANCE

COMES NOW the defendant, JOSEPH ANTHONY MESA, through counsel, John T. Gorman, Federal Public Defender, and moves this Honorable Court to sever Defendant from trial with co-defendant, SHARDAE ROXANNE U. LOVE, pursuant to Fed. R. Crim. P. 14. This motion is supported by the law and the facts and the pleadings filed with this Court.

### I. BACKGROUND

On September 8, 2005, U.S. Drug Enforcement Administration (DEA) Agent, Danny Cho, received a telephone call from an anonymous woman who stated that four persons, Jess Espinosa, Joey Mesa, Shardae Love and Ginger Hamamoto were manufacturing methamphetamine

in a room at the Reef Hotel, in Tumon, Guam. Cho and Guam Police Department (GPD) officers went to the Reef Hotel later that day to investigate. Cho saw Love standing by the hotel front counter with 2 plastic bags filled with heavy objects. Cho observed Love walk towards and enter the lobby elevator. Cho entered the elevator and requested that Love step outside to answer some questions. Love agreed, stepped outside the elevator, and Cho and two other officers began questioning her. Cho identified himself to Love as a DEA investigator and showed her his badge. Cho told Love he had received information from an anonymous tipster about her manufacturing methamphetamine at the hotel. Love then began acting nervous and started to avoid his questioning by demanding the identity of the anonymous tipster. Cho then told Love he was there to verify that Love was not involved in manufacturing methamphetamine with her male friends. Cho asked Love if she would give permission to law enforcement personnel to check her hotel room to verify there was no operating methamphetamine laboratory. Love then appeared to become angry and said she did not know where her friends were staying.

    Cho then asked Love what she was carrying in the plastic bags. Love allegedly stated that she was carrying a can of Coleman gasoline for a kitchen stove for cooking. Cho asked if the room was equipped with a stove. Love again allegedly replied that the gasoline was for the kitchen stove for cooking. Cho then asked Love what was in the other plastic bag. Love allegedly replied that it contained water. Cho then spoke with the hotel reservations manager and the reservations manager said that the room in question, room 755, was not equipped with a kitchen unit.

    Love then allegedly changed her story regarding the fuel. Love reportedly told Cho that the fuel was for a cookout by the hotel swimming pool with her friends and that she did not

2

know what room her friends were staying in. Cho then asked the hotel security manager if there were barbeque grills located by the swimming pool. The security manager said yes, but advance reservations were needed and the occupants of room 755 did not make a reservation. The detention and interrogation of Love by Cho and two other police officers in the hotel lobby lasted approximately 40-50 minutes. At the conclusion of the police questioning of Love in the hotel lobby, she was taken to GPD headquarters in Tiyan, Guam.

Cho obtained a search warrant for room 755 of the Guam Reef Hotel and executed the warrant later that evening. Arrested inside the room were Mesa, Hamamoto and Espinosa. Various glassware, tubing, chemicals and straws containing a substance believed to be methamphetamine were seized. On September 21, 2005, Joseph Anthony Mesa and co-defendants, Jeffrey Anthony Espinosa, Ginger Perez Hamamoto and Shardae Roxanne U. Love were indicted in the District Court of Guam on charges of Attempt to Manufacture Methamphetamine Hydrochloride and Possession with Intent to Distribute Methamphetamine Hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(c) and 846 and 18 U.S.C. § 2. Trial for all four is scheduled for May 8, 2006.

**II.     ARGUMENT**

**MESA'S TRIAL MUST BE SEVERED FROM TRIAL OF CO-DEFENDANT, LOVE AS THE ADMISSION OF LOVE'S STATEMENTS AT MESA'S TRIAL WILL VIOLATE HIS SIXTH AMENDMENT CONFRONTATION CLAUSE RIGHTS**

The Confrontation Clause provides that a defendant in a criminal prosecution "shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. Amend. VI.

3

The U.S. Supreme Court reaffirmed the strength and vitality of the Confrontation Clause in the recent case of Crawford v. Washington, 124 S. Ct. 1354 (2004). The Supreme Court held that the Confrontation Clause "commands not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." Id. At 1370. In Crawford, the Supreme Court considered whether a trial court's admission of a tape-recorded out-of-court statement made by a witness while in police custody, where the defendant had no opportunity to cross-examine the witness, violated the defendant's Sixth Amendment right of confrontation. The Court determined that the witness's statement fell within the core class of "testimonial statements" that requires Confrontation Clause protections and that the admission of the statement was reversible error.

In Crawford, the Supreme Court adopted a new standard for the admissibility of hearsay evidence. Hearsay evidence is to be separated into two classes, testimonial and non-testimonial. If the statement is non-testimonial, the statement should be analyzed under existing rules or statutes. If the statement is testimonial, however, the statement should be excluded at trial unless 1) the declarant is available for cross-examination at trial, or 2) if the declarant is unavailable, the statement was previously subjected to cross-examination. The Crawford Court expressly declined to define what constitutes a testimonial statement, but it did provide some benchmarks. The Court explained that a testimonial statement is "in-court testimony or its functional equivalent- that is, material such as affidavits, custodial examinations, prior testimony . . . , or similar pre-trial statements that declarants would reasonably expect to be used prosecutorially." Id. at 1364. Core testimonial statements include "prior testimony at a preliminary hearing, before a grand jury, or at

4

a former trial; **and to police interrogations**." Id. at 1374 (emphasis added). The Court was particularly concerned with the "[i]nvolvement of government officers in the production of testimony with an eye toward trial." Id. at 1367 n.7. It is this very governmental involvement that triggers the concerns the Confrontation Clause was specifically designed to address. As the Crawford Court noted:

> The involvement of government officers in the production of testimonial evidence presents the same risk, whether the officers are police or justices of the peace.
>
> In sum, even if the Sixth Amendment is not solely concerned with testimonial hearsay, that is its primary object, and interrogations fall squarely within that class.

Id. at 1365. Any question as to whether Love's statements are testimonial settled by the Crawford Court's holding that, "Statements taken by police officers are also testimonial under even a narrow standard." Id. at 1364.

> Fed. R. Crim. P. 14 (a) provides:
>
> **Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Justice requires that Mesa's trial be separated from that of Love. Love's statements in the Guam Reef Hotel lobby on September 8, 2005, were in response to police questioning and are clearly testimonial. She is not anticipated to testify at trial and thus, will be unavailable for cross-examination. As Crawford points out, the admission of Love's testimonial statements at Mesa's trial when Love will be unavailable for cross-examination, will be extremely prejudicial to Mesa as it will

5

strip him of his Sixth Amendment Confrontation Clause right.[1]

### III. CONCLUSION

For all of the above reasons, Mesa respectfully requests this Court sever his trial from that of Love, pursuant to Fed. R. Crim. P. 14, as the admission of Love's statements at his trial will prejudice him by stripping him of his Sixth Amendment right to confront his accuser.

DATED: Mongmong, Guam, March 24, 2006.

JOHN T. GORMAN
Attorney for Defendant
JOSEPH ANTHONY MESA

---

[1] The Court could, in the alternative, exclude Love's statements made in the Guam Reef Hotel lobby in response to police questioning, but that may unfairly prejudice the government in its case against Love, as the statements do appear admissible against Love.

6

## CERTIFICATE OF SERVICE

I, RENATE DOEHL, hereby certify that a true and exact copy of the foregoing document was duly mailed and/or hand-delivered to the following on March 24, 2006:

MARIVIC P. DAVID
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam  96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

PATRICK CIVILLE
Civille & Tang
330 Hernan Cortes Avenue Ste. 200
Hagatna, Guam 96910
Attorney for Ginger Perez Hamamoto

JOAQUIN C. ARRIOLA, JR.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
C&A Professional Building
Hagatna, Guam 96910
Attorney for Jeffrey Anthony Espinosa

RAWLEN MANTANONA
Cabot & Mantanona
Bank Pacific Building
825 S. Marine Drive
Tamuning, Guam 96913
Attorney for Shardae Roxanne U. Love

DATED: Mongmong, Guam, March 24, 2006.

RENATE DOEHL
Operations Administrator

JOHN T. GORMAN
Attorney for Defendant
JOSEPH ANTHONY MESA