LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH ANTHONY MESA,<br><br>Defendant. | CRIMINAL CASE NO. 05-00066<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT MESA'S MOTION FOR SEVERANCE** |

In <u>Zafiro v. United States</u>, the Supreme Court held that severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. 506 U.S. 534, 539 (1993).

Defendant Mesa objects to the statements co-defendant Shardae Love made to DEA Special Agent Danny Cho during their encounter in the Guam Reef Hotel, and cites <u>Crawford v. Washington</u>, 541 U.S. 36; 124 S.Ct. 1354 (2004) in support of his claim for severance. Love's statements do not directly accuse or facially incriminate any other defendants. In <u>Crawford</u> the Supreme Court held that "testimonial" forms of hearsay may not be introduced unless there is a showing of both unavailability of the declarant and that the accused had an opportunity to cross examine the declarant. <u>Id</u> <u>Crawford</u>, however, did not change the rule that out-of-court statements by the defendant-declarant are not barred by the Confrontation Clause. Fed.R.Evid.

801(d)(2) excepts from the hearsay rule "admission[s] by [a] party opponent. Co-defendant Love's statements are admissible against her under such rule.

Severance in this case is not required by Crawford. A crucial difference between the statement at issue in Crawford and Love's statements here is that the Crawford statement was facially incriminating and introduced against the only defendant in the case. Here, the challenged statements do not facially incriminate any of the defendants other than Love herself. In Richardson v. Marsh, for example, the Supreme Court held that the admission of a defendant's confession, accompanied by a limiting instruction, does not violate a co-defendant's confrontation right if "the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." even when other evidence properly admitted at trial otherwise links the co-defendant to the statement. 481 U.S. 200, 208-11 (1987).

As well, Crawford did not change the rule that out-of-court statements not offered to prove the truth of the matter asserted are not barred by the Confrontation Clause. The Court in Crawford explicitly stated "[t]he [Confrontation] Clause does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." 124 S.Ct. 1369 n. 9 (citing Tennessee v. Street, 471 U.S. 409, 414 (1985)). Here, testimony about Love's statements and encounter with Cho would explain how certain events occurred and why officers took the actions they did. Evidence that places the crime in context and explains why police took the actions they did is admissible. See e.g., United States v. Daly, 974 F.2d 1215 (9th Cir. 1992). In Daly, the Ninth Circuit noted that:

> The prosecution is not restricted to proving [its case] in a vacuum: "[a] jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a void - - without knowledge of the time, place, and circumstances of the acts which form the basis of the charge.
> Id. at 1217 (quoting United States v. Moore, 735 F.2d 289, 292 (8th Cir. 1984).

//

//

//

2

Also, proper limiting instructions will resolve any doubts in jurors minds concerning how the challenged statements may be used. See <u>Richardson v. Marsh</u>, 481 U.S. at 211 (general presumption that jurors follow court's instructions).

RESPECTFULLY submitted this 3rd day of April 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: *[signature]*
MARIVIC P. DAVID
Assistant U.S. Attorney

3