ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Agana, Guam 96910
PHONE: 472-7332
FAX: 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
MAY - 3 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 05-00066 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **PLEA AGREEMENT** |
| ) | |
| JOSEPH ANTHONY MESA, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, JOSEPH ANTHONY MESA, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count II of a Superseding Indictment charging him with possession with intent to distribute less than five (5) grams of methamphetamine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. The government will move to dismiss Counts I, III, and IV upon sentencing.

2. The defendant, JOSEPH ANTHONY MESA, understands that the <u>maximum</u> sentence for possession with intent to distribute less than five (5) grams of methamphetamine hydrochloride is incarceration for 20 years and a $1,000,000 fine. Any sentence imposed shall

1

include a term of supervised release of at least three (3) years in addition to such terms of imprisonment, as well as a $100.00 special assessment fee. Defendant also understands a sentence of supervised release could be revoked during the term of such supervised release, thereby resulting in additional incarceration of defendant for up to two (2) years. The $100 special assessment fee must be paid immediately upon sentencing. The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of possession with intent to distribute less than five (5) grams of methamphetamine hydrochloride, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>: defendant knowingly possessed less than five (5) grams of methamphetamine hydrochloride; and

<u>Second</u>: defendant possessed methamphetamine hydrochloride with the intent to deliver it to another person.

4. The defendant understands that the United States Probation Office will calculate a "sentencing range" within the United States Sentencing Guidelines. The defendant understands the Sentencing Guidelines are advisory, but will be used by the District Court in fashioning the sentence. The defendant also understands that the facts he stipulates to herein will be used by probation, pursuant to § 1B1.2 of the Sentencing Guidelines, in calculating the advisory guidelines level:

a. The defendant was born in 1976, and is a citizen of the United States.

b. On September 8, 2005, while in Room 755 of the Guam Reef Hotel in the District of Guam, the defendant knowingly possessed less than five (5) grams of methamphetamine hydrochloride with the intent to deliver it to another person. A forensic chemist analyzed the controlled substance found in the hotel room, and determined that in the aggregate it was 1.99

2

grams, net weight, of d-methamphetamine hydrochloride of 96% purity which is also known as ice.

    c. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

    5. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence actually imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from his criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

    6. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

e. Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendation of the government or his counsel;

f. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

g. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

h. That he has read the plea agreement and understands it.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

4

i. The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: May 3 2006

*Joseph Anthony Mesa*
JOSEPH ANTHONY MESA
Defendant

DATED: 5/3/06

*[signature]*
JOHN T. GORMAN
Federal Public Defender
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 5/3/06     By: *[signature]*
MARIVIC P. DAVID
Assistant U.S. Attorney

DATED: 5/3/06

*Karen V Johnson for*
RUSSELL C. STODDARD
First Assistant U.S. Attorney

5