JOHN T. GORMAN
Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
JOSEPH ANTHONY MESA

FILED
DISTRICT COURT OF GUAM
AUG - 1 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 05-00066 |
| | ) | |
| Plaintiff, | ) | RESPONSE TO DRAFT PRESENTENCE |
| | ) | REPORT; CERTIFICATE OF SERVICE |
| vs. | ) | |
| | ) | |
| JOSEPH ANTHONY MESA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### RESPONSE TO DRAFT PRESENTENCE REPORT

Defendant, JOSEPH ANTHONY MESA, by and through counsel, John T. Gorman, Federal Public Defender, respectfully accepts and adopts the findings of the Draft Presentence Investigation Report (PSI) with the following objections.

> **THIS COURT SHOULD NOT IMPOSE A 12 LEVEL ENHANCEMENT FOR SUBSTANTIAL RISK OF HARM TO MINOR, AS THERE WAS NO OPERATING METHAMPHETAMINE LAB, LITTLE OR NO CONNECTION OF MR. MESA TO THE ATTEMPTED LAB AND NO EVIDENCE THE MINOR SUFFERED ANY HARM DURING HER UNKNOWN AMOUNT OF TIME AT THE HOTEL ROOM.**

The PSI, in paragraph 36, recommends that Mr. Mesa be given a 12 level enhancement in his offense level based on United States Sentencing Guidelines, (U.S.S.G.) § 2D1.1(b)(6)©. That section states:

> If the offense (I) involved the manufacture of amphetamine or methamphetamine; and (ii) created a substantial risk of harm to the life of a minor or an incompetent, increase by 6 levels. If the resulting offense level is less than level 30, increase to level 30.

Mr. Mesa's base offense level is 18. His offense level would jump 12 levels to 30 if the Court follows the PSI's recommendation.[1]

U.S.S.G. § 2D1.1, Application Note 20, <u>Substantial Risk of Harm Associated with the Manufacture of Amphetamine and Methamphetamine</u>, provides:

> (A) <u>Factors to Consider</u> - In determining, for purposes of subsection (b)(6)(B) or ©, whether the offense created a substantial risk of harm to human life or the environment, the court **shall** include consideration of the following factors:
>
> (I) The quantity of any chemicals or hazardous or toxic substances found at the laboratory, and the manner in which the chemicals or substances were stored.
>
> (ii) The manner in which hazardous or toxic substances were disposed, and the likelihood of release into the environment of hazardous or toxic substances.
>
> (iii) The duration of the offense, and the extent of the manufacturing operation.
>
> (iv) The location of the laboratory (<u>e.g.</u>, whether the laboratory is located in a residential neighborhood or a remote area),

---

[1] Mr. Mesa is eligible for the 3 level adjustment for Acceptance of Responsibility. Thus, his Total Offense Level would be 15, or 27 if the Court finds the enhancement applicable.

and the number of human lives placed at substantial risk of harm.

(Emphasis added).

The commentary that accompanies a given section "may interpret the guideline or explain how it is to be applied," and "[f]ailure to follow such commentary could constitute an incorrect application of the guidelines." U.S.S.G. § 1B1.7. *See* United States v. Lopez-Garcia, 316 F.3d 967, 970 (9th Cir. 2003) ("We are bound to follow the application notes."). Note 20(A) uses mandatory language. Consideration of the factors set out in the application notes to the substantial risk of harm enhancement is mandatory. United States v. Layne, 324 F.3d 464, 469 (9th Cir. 2003).

   A. <u>The Proposed Enhancement, Which has a Disproportionate Effect on Mr. Mesa's Advisory Guideline Sentence, Must Be Proven by Clear and Convincing Evidence.</u>

The PSI, in recommending the 12 level enhancement, states, "The hotel room contained numerous toxic chemicals which <u>could have</u> created a substantial risk of harm to the defendant's six-month old daughter." (Emphasis added). However, this conclusory "could have" statement falls far short of the necessary burden of proof for an enhancement that increases Mr. Mesa's advisory guideline range by 67 months from 21-27 months at offense level 15, criminal history category II, to 78-97 months at offense level 27, criminal history category II. The PSI's recommended enhancement is extremely disproportionate as it effectively quadruples Mr. Mesa's advisory guideline sentence.

The burden of proof the government must meet in this case is clear and convincing evidence. Under the advisory sentencing guidelines, when a sentencing factor has an extremely

3

disproportionate effect on the sentence relative to the conviction, the government must prove such a factor by clear and convincing evidence, instead of a preponderance of the evidence. United States v. Staten, 450 U.S. 384 (9th Cir. 2006).

The Ninth Circuit's decision in Staten provides guidance. Ms. Staten had pled guilty to Conspiracy to Manufacture Methamphetamine. At sentencing, the district court had followed Probation's recommendation to increase her offense level from level 12 to level 27, based on U.S.S.G. § 2D1.1(b)(5)(B), as the manufacture created a substantial risk of harm to human life or the environment. Based on the 15 level enhancement, Ms. Staten was sentenced to 63 months imprisonment. The Ninth Circuit vacated the sentence and held that the district court's failure to fully consider the factors outlined in the sentencing guidelines application note constituted reversible error.

The Court must focus on the circumstances here, not the generic dangers posed by the manufacture of methamphetamine. Id. at 391. As the Staten court stated:

> Note 20(A) mandates that the Court look to the specific "quantity of any chemicals or hazardous or toxic substances found"; "the manner in which the chemicals or substances were stored"; "the manner in which hazardous or toxic substances were disposed, and the likelihood of release into the environment"; "the duration of the offense, and the extent of the manufacturing operation"; and "the location of the laboratory (e.g., whether the laboratory is located in a residential neighborhood or a remote area) and the number of human lives placed at substantial risk of harm." U.S.S.G. Section 2D1.1(b)(5)(B) cmt. n. 20(A).

Id. at 391.

There are number of evidentiary problems with Probation's proposal to quadruple Mr. Mesa's advisory guideline sentence by 67 months. The first major evidentiary problem for

4

Probation's proposal is that attempted laboratory never became operational.

> B. There is No Clear and Convincing Evidence that there Was an Operational Methamphetamine Laboratory in Room 755.

The first major evidentiary problem with Probation's proposed enhancement is that the evidence shows the attempted laboratory never became operational. The Drug Enforcement Agency (DEA) itself concluded that the attempted laboratory was not operational. Two different DEA Investigation Reports, dated 9/14/05, state in three different places, that when they entered room 755 they found "an inoperative methamphetamine laboratory." The complete absence of the most important chemical in methamphetamine manufacture, ephedrine, also proves the lab was never operable. A number of beakers, tubes and pots were seized, but there was no chemical residue found in any of the beakers or pots. There was no evidence of the release or disposal of toxic substances. There may have been an intent to manufacture by the co-defendants but the evidence supports DEA's conclusion that the laboratory never became functional. As the methamphetamine lab was inoperative, there is no proof of substantial risk to the minor.

> C. There is No Clear and Convincing Evidence that Mr. Mesa Was Involved in the Manufacture or Attempted Manufacture of Methamphetamine.

The second evidentiary problem for Probation's proposed enhancement is that there is no evidence to show that Mr. Mesa was involved in the manufacture or attempted manufacture of methamphetamine. It is important to note that Mr. Mesa pled guilty to possession with the intent to distribute 1.99 grams of methamphetamine, based on the drugs found on his person. Mr. Mesa did not plead guilty to manufacturing or attempting to manufacture methamphetamine although two

5

of his co-defendants, Mr. Espinosa and Ms. Love, did.

There is no evidence that proves he manufactured or attempted to manufacture methamphetamine. None of the chemicals or equipment in the room can be attributed to him. His fingerprints were not discovered on any of the containers or equipment. The room is not registered under his name. When the warrant was executed on September 8, 2005, he was present in Room 755 of the Hyatt hotel. However, mere presence does not establish he had a role in the attempted manufacturing. Importantly, there is no evidence as to how long he was in that room prior to the execution of the warrant. He may have been in the room for four days or four minutes prior to the arrival of the police. None of his personal belongings were found in the room. There was no room key found on his person. No hotel employees could identify him as a tenant or frequent guest. There is no clear and convincing evidence to prove Mr. Mesa was involved in the manufacture or attempted manufacture of methamphetamine that would warrant this proposed 67 month increase in his sentence.

> D. There is No Clear and Convincing Evidence, Based on These Specific Facts, That There Was a Substantial Risk of Harm to the Minor.

The third evidentiary hurdle that Probation's proposal is unable to overcome is that there is no proof as to how long the minor was in room 755. She was present when the police arrived. But, again, we have no idea if she was there was for four days or four minutes. The actions of the police speak volumes on this issue. Following execution of the search warrant, she was released to her guardians. She was never referred to or seen by any medical personnel. The police evidently did not believe she was harmed or at risk. Her mere presence at the time the police arrived

6

does not establish a substantial risk of harm by clear and convincing evidence. In fact, there is no evidence at all that she was even exposed to a substantial risk of harm.

## CONCLUSION

The evidence establishes there was no operating methamphetamine lab, little or no connection of Mr. Mesa to the attempted lab and no evidence the minor suffered any harm during her unknown amount of time at the hotel room. Mr. Mesa respectfully submits that this Court should not grant Probation's recommended 12 level enhancement for substantial risk to a minor as the alleged harm as has not been proven by clear and convincing evidence.

DATED: Mongmong, Guam, August 1, 2006.

_____
JOHN T. GORMAN
Attorney for Defendant
JOSEPH ANTHONY MESA

7

Case 1:05-cr-00066    Document 234    Filed 08/01/2006    Page 7 of 8

## CERTIFICATE OF SERVICE

I, RENATE DOEHL, hereby certify that a true and exact copy of the foregoing document was duly mailed and/or hand-delivered to the following on August 1, 2006:

MARIVIC P. DAVID
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

PATRICK CIVILLE
Civille & Tang
330 Hernan Cortes Avenue Ste. 200
Hagatna, Guam 96910
Attorney for Ginger Perez Hamamoto

JOAQUIN C. ARRIOLA, JR.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
C&A Professional Building
Hagatna, Guam 96910
Attorney for Jeffrey Anthony Espinosa

RAWLEN MANTANONA
Cabot & Mantanona
Bank Pacific Building
825 S. Marine Drive
Tamuning, Guam 96913
Attorney for Shardae Roxanne U. Love

CARLEEN BORJA
U.S. Probation Officer
U.S. Probation Office
Districts of Guam and NMI
2nd Floor, U.S. District Court

DATED: Mongmong, Guam, August 1, 2006.

_____
RENATE DOEHL
Operations Administrator

JOHN T. GORMAN
Attorney for Defendant
JOSEPH ANTHONY MESA